IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA BEALE, on her own behalf and on behalf of her minor son, CHRISTOFF ABRAHAM, | : : : | |
| Plaintiffs, | : | |
| v. | : | No. 00-cv-413 |
| | : | |
| AARDVARK DAY CARE, et. al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

This civil action was reassigned to my calendar on December 12, 2005. In my order filed December 15, 2005, this court reopened the matter for the limited purpose of determining attorney's fees. Presently before the court is the Renewed Petition of Defendants Aardvark Day Care and Learning Center and Joanne Drinkard for Attorney's Fees Against Barbara Ransom (Dkt. # 71), and the Motion to Update the Hourly Attorney Rate of their Counsel for Purposes of Quantifying Attorney's Fees of Defendants Aardvark Day Care and Learning Center and Joanne Drinkard (Dkt. # 77), and the responses thereto.

Plaintiffs filed their complaint in this case on January 21, 2000 against Defendants seeking relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). The parties do not dispute that Plaintiff Christoff is a person with a disability within the meaning of the ADA and therefore is entitled to the protections of the act. The court granted preliminary injunctive relief to Plaintiffs including readmittance of Plaintiff Christoff to Defendant Aardvark Day Care and Learning Center in its order filed March 10, 2000. Ultimately, the court dismissed Plaintiffs' complaint with prejudice in its memorandum, opinion and order of December 29, 2000 because Plaintiff Christoff had stopped attending Defendant Aardvark Day Care and Learning Center and Plaintiff Beale had engaged in disruptive behavior toward Defendants. On January 16, 2001, Defendants filed a Motion for Attorney's Fees against Barbara E. Ransom and her employer Public Interest Law Center of Philadelphia ("PILCOP")

pursuant to 29 U.S.C. § 1927 alleging that Ms. Ransom, Plaintiff's attorney, engaged in outrageous conduct during the litigation. The statute is as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927, Counsel's liability for excessive costs.

After holding a two day evidentiary hearing on Defendants' motion, the court awarded attorney's fees to Defendants in its memorandum, opinion and order of June 19, 2002. The court also instructed defense counsel to review her billing records and submit an accounting of fees for reimbursement to the court with copies to Plaintiffs' counsel.[1] Defendants did not file their petition for attorney's fees until December 13, 2002 and then filed a renewed petition for attorney's fees on February 28, 2003.

In order to impose sanctions against Ms. Ransom pursuant to 27 U.S.C. § 1927, the court must find that Ms. Ransom acted in wilful bad faith. Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989). Additionally, while the statute grants authority to the courts to impose sanctions for misconduct by attorneys, the power is one that "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." Id.

While the court's December 29, 2000 memorandum provides a lengthy and detailed account of the factual and procedural background of this case, the court's opinion focuses on the dissension between Plaintiff Beale and Defendants' representatives rather than presenting any persuasive evidence of unreasonable or vexatious conduct by Ms. Ransom. By

---

[1] The court urged defense counsel to "submit to the court (with copies to plaintiff's counsel) for reimbursement only those fees and expenses which she believes her client incurred as a result of Ransom's actions." Crt. Op. of June 19, 2002 at P. 8.

granting a preliminary injunction that provided relief to Plaintiffs, the court demonstrated that Plaintiffs were entitled to some sort of relief under the ADA. Furthermore, the court notes that the reason for bringing this case against Defendants only became moot when Plaintiff Christoff no longer attended the day care facility. Crt. Op. of Dec. 29, 2000 at P. 15. The opinion states "[t]he [c]ourt specifically concludes that the Order [previously entered for a preliminary injunction] is vacated not only because Christoff no longer attends Aardvark but because the behavior of Beale has served to fundamentally alter Aardvark's program and has caused an undue and unnecessary burden for the staff at Aardvark." Crt. Op. of Dec. 29, 2000 at P. 13, ¶ 10. The court explained "[a]lthough the [c]ourt entered a preliminary injunction ... that relief was only temporary in nature and has since been dissolved by the fact that Beale has withdrawn Christoff from Aardvark and because of the adversarial behavior of Beale herself." Crt. Op. of Dec. 29, 2000 at P. 15. Therefore, it does not appear from the court's December 29, 2000 opinion that the suit was improperly brought. Furthermore, there is no evidence of record that Ms. Ransom, in pursuing said litigation, acted in a manner so unreasonable and vexatious as to warrant the awarding of attorney's fees to Defendants pursuant to 28 U.S.C. § 1927.

    While the court's opinion of June 19, 2002 granting Defendants' motion for attorney's fees sets forth multiple examples of Plaintiff Beale's inappropriate conduct, the opinion fails to present sufficient persuasive evidence that Ms. Ransom acted in a manner so unreasonable and vexatious as to support an award of attorney's fees. In its June 19, 2002 opinion, the court characterizes Ms. Ransom's unreasonable conduct as seeking to recover attorney's fees from Defendants as an alleged prevailing party, filing Plaintiffs' lawsuit in the first place, failing to control Plaintiff Beale and not withdrawing as counsel if she was unable to do so, not counseling Plaintiff Beale to conduct herself in a civil and professional manner in her interactions with Defendants, warning Defendant Drinkard outside of the presence of the court

that "Martha and I will own the business," acting under a conflict of interest in representing both Plaintiffs, rolling her eyes at defense counsel's questioning of witnesses or witnessess' testimony during a court hearing and making comments to Defendant Drinkard while in the courthouse restroom about her testimony.  While Ms. Ransom served as counsel to Plaintiff Beale, there is no evidence of record that she had control over the individual actions of Ms. Beale in her relationship with Defendants.  Furthermore, prevailing parties under the ADA are permitted to seek attorney's fees at the discretion of the court.[2]  Because the court's granting of a preliminary injunction may be viewed as a finding in Plaintiffs' favor and the case was ultimately dismissed because Plaintiff Christoff ceased attending Defendant Drinkard's day care facility, it does not appear that Ms. Ransom's request for attorney's fees was vexatious and unreasonably prolonged the court proceedings.  Therefore, looking to only the individual actions of Ms. Ransom as described in the court's opinion, Ms. Ransom's conduct does not rise to the level required to impose sanctions pursuant to 28 U.S.C. § 1927.

   Furthermore, in awarding attorney's fees to Defendants and against Ms. Ransom in the opinion of June 19, 2002, the court urged defense counsel to carefully review her billing records and submit to the court her records for reimbursement.  Under Fed. R. Civ. Pro. 54(d)(2)(B), defense counsel was required to submit such petition within fourteen (14) days after entry of judgment by the court.[3]  Defense counsel did not submit such petition until over six months after the filing date of the court's order.  Therefore, on the present record, I observe

---

[2] The ADA permits an award of attorney's fees to the prevailing party according to 42 U.S.C. 12205 which states "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

[3] Fed. R. Civ. Pro. 54(d)(2)(B) states "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment ... and must state the amount or provide a fair estimate of the amount sought ...

significant delay by defense counsel in responding to the court order of June 19, 2002. This delay in itself is sufficient to disqualify the award of attorney's fees to Defendants.

Accordingly, the record before me does not justify imposition of attorney's fees on PILCOP and Ms. Ransom. While the record paints a picture of a hard fought legal battle, I cannot find on the record before me evidence that Ms. Ransom engaged in unreasonable and vexatious conduct as required by the statute.

**AND NOW**, this 17th day of March 2006, upon complete and careful consideration of the record, **IT IS HEREBY ORDERED** that the Renewed Petition of Defendants Aardvark Day Care and Learning Center and Joanne Drinkard for Attorney's Fees Against Barbara Ransom (Dkt. # 71) is **DENIED** and the Motion to Update the Hourly Attorney Rate of their Counsel for Purposes of Quantifying Attorney's Fees of Defendants Aardvark Day Care and Learning Center and Joanne Drinkard (Dkt. #77) is **DISMISSED** as moot.

                                            **BY THE COURT:**

                                            **S/ Clifford Scott Green**
                                            **CLIFFORD SCOTT GREEN, S.J.**